IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:13CR3015 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| MATTHEW DAVID FELL, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant through his counsel, and with the agreement of the prosecutor, has orally moved for an evaluation by the Bureau of Prisons of the defendant for purposes of sentencing. I agree with that motion. Thus, before I sentence him, I require a thorough mental evaluation conducted by the Bureau of Prisons to assess the defendant's present mental state and to address issues pertinent to sentencing. I next briefly explain why that is so.

The defendant has pled guilty to wilfully making a false threat. The defendant mailed an envelope with "this is a bomb!" written on the envelope. Inside the envelope was another envelope addressed to the FBI containing the defendant's name and social security number, other writings and a thumb drive. Although he did not plead guilty to them, the defendant also mailed other similar threats. Additionally, and disturbingly, while held in jail on this case, the defendant continued his unlawful conduct by mailing or attempting to mail threatening correspondence including correspondence to the President of the United States.

Although he is only 29 years of age, the defendant has a long history of mental health problems starting at age 15. He also has had a serious substance abuse problem in the past, although that appears to be in remission at this time. A forensic evaluation conducted by the Bureau of Prisons found the defendant competent to stand trial in this matter. However, the evaluation gave an Axis 1 diagnosis of "rule out" schizophrenia, paranoid type and schizoaffective disorder. *Id.* at p. 15. The evaluator added that: "Mr. Fell does appear to suffer from a significant mental health issue, likely a

diagnosis with some degree of psychosis; he would benefit from more accurately and comprehensively discussing the nature of the symptoms he experiences. He would also benefit from treatment, which would also require Mr. Fell's participation." *Id.* at p. 22.

The tentative Guidelines calculations are as follows: (1) With no reduction for acceptance of responsibility (due to the defendant continuing his threatening behavior), the total offense level is 14; (2) the defendant's criminal history category is II; (3) the statutory maximum prison sentence is 10 years, and the custody range under the Guidelines is 18 months to 24 months; and (4) the statutory maximum supervised release term is 5 years and the Guidelines range for supervised release is 1 to 3 years.

Under these circumstances, and with the agreement of both parties,

IT IS ORDERED that:

1.      The oral motion is granted. Sentencing is continued until further order of this court. The probation officer assigned to this case shall hold in abeyance the completion of the final presentence report. My chambers will issue a new sentencing order 10 days after receipt of the evaluation.

2.      The United States Bureau of Prisons shall designate a medical center for federal prisoners at which the defendant shall be examined pursuant to this order. Upon such designation, the defendant, who is in custody, shall be transported to the place designated by the Bureau of Prisons by the U.S. Marshal. The defendant shall remain at the medical center until released to the U.S. Marshal for return to Nebraska.

3.      Pursuant to 18 U.S.C.§ 3552(b)&(c) and 18 U.S.C. §4244(b), the Bureau of Prisons shall evaluate the defendant and advise me in writing regarding the following matters: (a) the present mental status of the defendant; (b) with particular emphasis on avoidance of recidivism and

the protection of the public, recommendations for treatment while the defendant is in prison and also while he is on supervised release; and (c) any other matters that the Bureau of Prisons or professional consultants believe are pertinent to the sentencing factors set out in 18 U.S.C. § 3553(a). Unless extended by a subsequent order, the evaluation shall be submitted to the court and counsel within 60 days of the defendant being delivered to the medical center.

4.      The defendant's counsel shall promptly provide the probation officer with copies of any evaluations or medical records counsel has in his possession.

5.      The probation officer assigned to this case (Brandon Maxon) is requested to facilitate the implementation of this order and coordinate this case with the Bureau of Prisons. The probation officer shall provide the medical center with all materials the officer believes will assist the medical center in conducting the evaluation, including the previous forensic evaluation conducted by the Bureau of Prisons and the preliminary presentence report.

6.      My chambers shall provide a copy of this memorandum and order to the probation officer and the United States Marshals Service.

7.      My chambers will calendar this matter for internal review no later than 90 days from this date.

8.      Upon receipt of the written report from the Bureau of Prison, I will give the parties an opportunity to comment upon the evaluation.

September 26, 2013.                    BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge